IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| COSTCO WHOLESALE CORP., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Dawn Suppo ("Suppo"). The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Costco Wholesale Corp. ("Defendant" or "Costco") discriminated against Suppo by subjecting her to sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty (30) days prior to the institution of this lawsuit, Suppo filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. Following an investigation, the Commission determined that there is reasonable cause to believe that Defendant had violated the Title VII by subjecting Suppo to sexual harassment in violation of Title VII.

8. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion:

A. On May 31, 2013, the Commission invited Defendant to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

B. On June 19, 2013, the Commission determined that it was unable to eliminate the unlawful employment practices alleged below by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

9. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least June 2010, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These practices include, but are not limited to, discriminating against Suppo because of her sex by creating and tolerating a sexually hostile work environment of offensive comments of a sexual nature, unwelcome touching, unwelcome advances, and stalking by a customer and constructively discharging her.

11. The effect of the practices complained of above has been to deprive Suppo of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

12. The unlawful employment practices complained of in paragraph 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Suppo.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C.    Order Defendant to make whole Suppo by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice, including, but not limited to, rightful place reinstatement;

D.    Order Defendant to make whole Suppo by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

E.    Order Defendant to make whole Suppo by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F.    Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial;

G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

*/s John C. Hendrickson*
John C. Hendrickson
Regional Attorney


*/s Gregory Gochanour*
Gregory Gochanour
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312-869-8100

*/s Richard J. Mrizek*
Richard J. Mrizek
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312-869-8117